# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| LRM TRUCKING, INC, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER TRUCKING, LLC, a Utah limited liability company; and PAUL BAXTER, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 4:20-cv-00091-DN<br><br>District Judge David Nuffer |

This matter has come before the Court on Plaintiff LRM Trucking, Inc's Motion for Default Judgment for Forfeiture pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, ("Motion")[1] regarding Defendants, Baxter Trucking, LLC, and Paul Baxter. Defendants have failed to appear in this matter and their default has been entered on October 21, 2020.[2] The allegations in the complaint have been reviewed and are found to have stated legally sufficient claims. Having reviewed the Motion and other material matters on file and being fully advised in the premises, the following findings are therefore made:

1. Plaintiff's Seventh Cause of Action for fraud relates to misrepresentations made by Baxter Trucking to Plaintiff at the direction of Paul Baxter concerning the gross revenue generated on freight hauled by Plaintiff's vehicles.

2. Defendants made knowing and false representations to Plaintiffs concerning the gross revenue generated on loads of freight hauled by Plaintiff's vehicles, the representations were material to the contractual obligation of Defendants, Plaintiff reasonably relied on those

---

[1] Docket no. 22, filed November 5, 2021.
[2] Order Entering the Default of Defendants, docket no. 11, filed October 21, 2020.

representations in continuing to haul freight for Defendants, and Plaintiff has been damaged as a result. Plaintiff is therefore entitled to compensatory damages in the amount of $43,700.25.[3]

3. Utah law authorizes punitive damages if compensatory damages have been awarded and it is established by clear and convincing evidence that the acts of the tortfeasor are the result of intentionally fraudulent conduct.[4] When a court awards punitive damages, relative factors in determining the amount include "(i) the relative wealth of the defendant; (ii) the nature of the alleged misconduct; (iii) the facts and circumstances surrounding such conduct; (iv) the effect thereof on the lives of the plaintiff and others; (v) the probability of future recurrence of the misconduct; (vi) the relationship of the parties; and (vii) the amount of actual damages awarded."[5] Defendants' relative wealth is unclear, as they have failed to appear, and there is no particular indication whether or not this misconduct will reoccur. However, given the clear and convincing evidence presented, the knowing and fraudulent nature of Defendants' conduct, the impact on Plaintiff and third parties, the fiduciary and contractual obligations owed by Defendants to Plaintiff, the personal relationship and level of trust between Defendants and Plaintiff, and the amount of damages at issue, Plaintiff is entitled to punitive damages.

4. Plaintiff will be awarded punitive damages in the amount of $131,100.75, at a ratio of 3:1 to compensatory damages.

5. Plaintiff's remaining causes of actions relate to Baxter Trucking's failure to comply with federal regulations and breaches of the contract between parties.

6. Plaintiff's Seventh Cause of Action is therefore severable from Plaintiff's remaining causes of action because the core facts and legal issues do not overlap and would not

---

[3] See Exhibit A - Table Calculating Damages on Seventh Cause of Action, docket no. 22-1, filed November 5, 2021.
[4] Utah Code § 78B-8-201(1)(a).
[5] *Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 808 (Utah 1991), holding modified by *Westgate Resorts, Ltd. v. Consumer Prot. Grp., LLC, Appellee,* 2012 UT 55, 285 P.3d 1219.

lead to duplicative appeals. There is no just reason to delay entry of judgment on Plaintiff's Seventh Cause of Action.[6]

Therefore, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

7. The Motion is GRANTED, and default judgment will be entered in favor of Plaintiff and against Defendants.

8. Judgment on all remaining causes of action, costs, and attorney's fees is reserved for further adjudication.

9. Plaintiff is awarded compensatory damages on Plaintiff's Seventh Cause of Action for Fraud in the amount of $43,700.25.

10. Plaintiff is awarded punitive damages in the amount of $131,100.75.

11. The amounts owed herein shall accrue interest at the federal post-judgment rate of .13% per annum, until paid in full.

Signed November 30, 2021.

David Nuffer
United States District Judge

---

[6] See Fed. R. Civ. P. 54(b).