THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LRM TRUCKING, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER TRUCKING, LLC, a Utah limited liability company, and PAUL BAXTER, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENTS**<br><br>Case No. 4:20-cv-00091-DN<br><br>District Judge David Nuffer |

LRM Trucking, Inc. ("LRM") obtained two default judgments: a default judgment against Defendant Baxter Trucking, LLC ("Baxter Trucking") entered December 21, 2020 ("2020 Judgment");[1] and a default judgment entered against Baxter Trucking and Paul Baxter ("Baxter") on November 30, 2021 ("2021 Judgment").[2] Defendants filed a motion to set aside the 2021 Judgment,[3] based on Fed. R. Civ. P. 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") and Fed. R. Civ. P. 60(b)(6) ("any other reason that justifies relief").

It is unclear if both Defendants or only Defendant Paul Baxter ("Baxter") brought this Rule 60(b) motion because there is a frequent interchange of defendant-related terms throughout the motion. Therefore, the motion is treated in this order as if it was filed by Defendants collectively.

---

[1] Default Judgment on Plaintiff's First Cause of Action, docket no. 15, filed Dec. 21, 2020.

[2] Default judgment in a Civil Case, docket no. 29, filed Nov. 30, 2021.

[3] Motion to Set Aside at 1, docket no. 38, filed Nov. 22, 2022.

Defendants should have filed two motions to set aside, one addressing the 2020 Judgment and another addressing the 2021 Judgment. Defendants assumed one motion would suffice, claiming that "[t]he [2021 Judgment] superseded the [2020 Judgment], thus restarting the clock to file a motion to set aside on November 30, 2021."[4] Defendants cited to no authority for this conclusion and the conclusion is wrong. The two judgments were entered against different parties on different causes of action and the second judgment does not mention the first. This order will treat the motion as if it were directed to both judgments.

A party seeking to set aside a default judgment must file their motions within a reasonable time, and a Rule 60(b)(1) motion must be filed no more than one year after entry of judgment.[5] Because Defendants did not file their motion within a reasonable time after the 2021 Judgment and within a year of the 2020 Judgment, their motion to set aside is DENIED.

## BACKGROUND

LRM filed its complaint on August 21, 2020.[6] Defendants were both personally served with a copy of the Complaint and Summons on August 26, 2020.[7]

Baxter signed an email from baxtertrucking@gmail.com which he sent to LRM on September 28, 2020.[8] The email titled "Re: Marshall/LRM v. Baxter Trucking: Second Demand for Accounting" contained an attachment wherein Baxter Trucking briefly responded under headings corresponding to the seven causes of action.[9] No answer or appearance by Defendants was filed with the court.

---

[4] Motion to Set Aside n.7.

[5] Fed. R. Civ. P. 60(c)(1).

[6] Complaint, docket no. 2, filed Aug. 21, 2020.

[7] Summons Returned Executed, docket nos. 8, 9, filed Aug. 28, 2020.

[8] Exhibit A to Motion for Entry of Default at 2, docket no. 10-1, filed Oct. 1, 2020.

[9] *Id.* at 4-5.

LRM filed a motion to enter the default of both defendants as a result of Defendants' failure to file an answer with the Court.[10] The motion to enter default attached the email sent by Baxter Trucking.[11] The Clerk of Court entered an entry of default judgment certificate as to both defendants on October 21, 2020.[12] LRM then filed a motion for default judgment on their first cause of action on November 24, 2020.[13] That cause of action was brought only against Baxter Trucking and is based on contract.

On December 21, 2020, a final default judgment was entered against Baxter Trucking on LRM's first cause of action.[14] LRM was awarded $25,300.00 in principal damages and interest accrued at the time of judgment totaling $3,409.13.[15] Additional interest on the judgment amount accrues at 0.13% per annum.[16]

LRM filed a motion for supplemental proceedings against Baxter Trucking on April 30, 2021.[17] A supplemental hearing was set for July 8, 2021.[18] At that time, Baxter "request[ed a] continuance as he [was] in the process of hiring counsel."[19] The hearing was continued to August 12, 2021.[20] At the August hearing, Baxter said "he [was] unable to hire counsel."[21] Baxter was told to provide to LRM documents requested in the Motion for Supplemental Proceeding by

---

[10] Motion for Entry of Default, docket no. 10, filed Oct. 1, 2020.

[11] *See* Exhibit A to Motion for Entry of Default.

[12] Order Entering the Default of Defendants.

[13] Motion for Default Judgment on Plaintiff's First Cause of Action.

[14] Default Judgment on Plaintiff's First Cause of Action.

[15] *Id.* at ¶ 1.

[16] *Id.* at ¶ 2.

[17] Motion for Supplemental Proceeding, docket no. 16, filed April 30, 2021.

[18] Order for Supplemental Proceeding, docket no. 19, entered June 23, 2021.

[19] Minute Entry, docket no. 20, entered July 8, 2021.

[20] *Id.*

[21] Minute Entry, docket no. 21, entered Aug. 12, 2021.

August 27, 2021.[22] When Defendants failed to do so, LRM filed a motion for default judgment

on their seventh cause of action.[23] This cause of action alleged fraud committed by both Baxter

Trucking and Baxter.[24] Default judgment was entered on LRM's motion on November 30,

2021.[25] LRM was awarded $43,700.25 in compensatory damages and $131,100.75 in punitive

damages.[26] Post judgment interest was also awarded.[27] Thereafter, LRM dismissed the remaining

five causes of action,[28] and the case was closed on April 8, 2022.[29]

Baxter filed a Chapter 13 bankruptcy petition on May 31, 2022.[30] LRM contested the

bankruptcy, filing a proof of claim relating to the 2021 Judgment on their Seventh Cause of

Action, as well as an adversary complaint for an exception from any potential bankruptcy

discharge.[31]Through counsel, Baxter filed an answer to the adversary complaint on August 10,

2022.[32]

Defendants did not file their motion to set aside until November 22, 2022.[33] Defendants

claimed they had no resources to hire an attorney as a result of financial strains brought on by the

COVID-19 pandemic.[34] Defendants proceeded *pro se* until the filing of the motion to set aside.[35]

---

[22] *Id.*

[23] Plaintiff's Motion for Default Judgment on Plaintiff's Seventh Cause of Action, docket no. 22, filed Nov. 5, 2021.

[24] *Id.* at 2.

[25] Default Judgment in a Civil Case, docket no. 29, filed Nov. 30, 2021.

[26] *Id.* at ¶¶ 2-3.

[27] *Id.* at ¶ 4.

[28] Plaintiff's Statement of Intent with Respect to Unadjudicated Claims, docket no. 36, filed Feb. 25, 2022.

[29] Order Dismissing Remaining Causes of Action and Closing Case, docket no. 37, filed April 8, 2022.

[30] Plaintiff's Memorandum Opposing Motion to Set Aside ¶ 27, docket no. 41, filed Dec. 2, 2022.

[31] *Id.* at ¶ 28; *see* Exhibit 1, docket no. 41-1, filed Dec. 2, 2022.

[32] *Id*. at ¶ 29.

[33] Motion to Set Aside.

[34] *Id.* at ¶¶ 7-8.

[35] *Id.* at ¶ 16.

**DISCUSSION**

Defendants seek to set aside two default judgments entered against them in favor of LRM pursuant to Fed. R. Civ. P. 60(b)(1) & 60(b)(6).[36] Relief from a default judgment under Rule 60(b)(1) is appropriate when the movant demonstrates "mistake, inadvertence, surprise, or excusable neglect" necessitating relief.[37] Relief from a default judgment under Rule 60(b)(6) is appropriate when the movant demonstrates "any other reason that justifies relief" from the default judgment.[38]

**DEFENDANTS FAILED TO PROPERLY ANSWER LRM'S COMPLAINT**

On September 28, 2020, Baxter emailed LRM's counsel, stating, "[a]attached is our response to the summons LRM Trucking Inc. on case #4:20-cv-00091-DN. I don't have a court address to send a copy to the court. I also mailed you a copy certified mail today."[39] It was signed:

Thank you

*Paul*

Baxter Trucking LLC

Attached to the email was a document titled "LRM Trucking, Inc., A Utah Corporation Plaintiff v. Baxter Trucking LLC, A Utah Limited Liability Company."[40] The email and attachment were provided to the court with LRM's motion for entry of default. The attachment was signed by Paul Baxter for Baxter Trucking.[41]

By: _____

Baxter Trucking LLC

---

[36] *Id.* at 1, 4.

[37] Fed. R. Civ. P. 60(b)(1).

[38] *Id.* at 60(b)(6).

[39] Exhibit A to Motion for Entry of Default at 2.

[40] *Id*. at 4.

[41] *Id*. at 5.

The attachment gave responses to each of the seven causes of action but only as to Baxter Trucking.[42] It made no mention of Baxter individually.[43]

The attachment did not constitute an answer for either defendant. First, it was not an answer for Baxter because the attachment only mentioned Baxter Trucking. Second, it was not an answer for Baxter Trucking because the entity was not represented by an attorney. Local rule DUCivR 83-1.3(c) states that "[n]o corporation, association, partnership or other artificial entity may appear pro se and must be represented by an attorney who is admitted to practice in this court."[44] Baxter has not provided proof that he is an attorney, nor was there anything in the email indicating that it was sent by an attorney. Finally, Defendants collectively or individually did not file the attachment with the court. [45] Baxter claimed he could not send his response to the court because he did not have the court's contact information, but he provided no proof of any attempt to locate the court address or to contact the court either by phone, email, or mail. Defendants' motion alleges that "[h]ad Plaintiff simply replied to Mr. Baxter's email, an answer would have been filed with the court." There is no support for this hypothetical nor does any content in the email and attachment support the statement.

Defendants have not provided adequate evidence to show that they properly answered LRM's complaint as required by Fed. R. Civ. P. 12.

### DEFENDANTS' MOTION TO SET ASIDE
### THE TWO DEFAULT JUDGMENTS IS UNTIMELY.

A motion to set aside a default judgment must be timely filed. Fed. R. Civ. P. 60(c)(1) requires that "[a] motion under Rule 60(b) must be made within a reasonable time—and for

---

[42] *Id*. at 4-5.

[43] *Id.*

[44] DUCivR 83-1.3(c).

[45] Order Entering the Default of Defendants at 1, docket no. 11, Oct. 21, 2021.

reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[46] The movant bears the burden of demonstrating that the motion is not time-barred.[47]

### A.  Defendants' motion to set aside the 2020 Judgment is denied because it is time-barred.

Defendants filed their motion to set aside on November 22, 2022. A Rule 60(b)(1) motion must be filed within one year to be timely.[48] The 2020 Judgment was entered December 21, 2020,[49] and Defendants' motion to set aside was not filed until November 22, 2022.[50] More than one year passed from judgment entry to motion filing.

Defendants argue the Rule 60(b)(1) motion to set aside the 2020 Judgment is timely filed because the order granting the 2021 Judgment superseded the 2020 Judgment.[51] Defendants failed to cite any authority for this assumption. The order granting LRM a default judgment on the first cause of action stated that "judgment on the other causes of action [is] reserved" and thus not disposed of at that time.[52] Additionally, the "factual and legal issues raised by LRM's first cause of action are distinct from LRM's other claims."[53] The 2021 Judgment does not recite the amount awarded in the 2020 Judgment or refer to the first cause of action adjudicated in that

---

[46] Fed. R. Civ. P. 60(c)(1).

[47] *See White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990).

[48] Fed. R. Civ. P. 60(c)(1).

[49] *Supra* note 14.

[50] *Supra* note 33.

[51] Motion to Set Aside at 3-4.

[52] Memorandum Decision and Order Granting Motion for Entry of Default Judgment on Plaintiff's First Cause of Action at 1, docket no. 14, Dec. 21, 2020.

[53] *Id.* at 3.

judgment. Because the judgments are independent, the time for filing a motion to set aside the 2020 Judgment is measured from December 21, 2020.[54]

Defendants' November 22, 2022, motion as it applies to the 2020 Judgment on LRM's first cause of action must be denied.

### B. Defendants' motion to set aside the 2021 Judgment is denied because it is untimely

"A [Rule 60] motion is not timely merely because it has been filed within one year of the judgment."[55] Courts must also "examine[] the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."[56]

**Timeliness**: "Where a party delays in filing a Rule 60(b) motion after discovery of the grounds for the motion, it must offer sufficient justification for the delay."[57] In *White v. Am. Airlines, Inc.*, the Tenth Circuit rejected American's Rule 60(b) argument that they did not have sufficient time to decide if a defense was available to them.[58] The court said that even if that were true, they brought their Rule 60(b) motion almost one year after a judgment was entered.[59] In *Security Mut. Cas. Co. v. Century Cas. Co.*, the defendant took "115 days" to file their Rule 60(b) motion without giving a reason for the delay after a judgment against them "had made it clear that the entire case had been dismissed."[60] In *Cummings v. Gen. Motors Corp.*, the plaintiffs took seven months to file a Rule 60(b) motion because "they did not want to rush into

---

[54] *See* Plaintiff's Memorandum Opposing Motion to Set Aside at 16.

[55] *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990).

[56] *Mullin v. High Mountain*, 182 Fed. Appx. 830, 833 (10th Cir. 2006).

[57] *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004) (abrogated on other grounds by *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 126 S. Ct. 980, 163 L. Ed. 2d 974 (2006)).

[58] *White*, 915 F.2d at 1425.

[59] *Id.*

[60] *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1067–68 (10th Cir. 1980).

filing such a motion."[61] The Tenth Circuit concluded that "[s]uch an assertion, without more, is insufficient to justify the delay."[62]

Defendants do not explain why their Rule 60(b) motion was delayed almost twelve months after the 2021 Judgment, and seven and a half months after the case was closed. Instead, they focus on why they did not properly respond to Plaintiff's complaint. First, they allege that they did file an answer.[63] This was discussed *supra* and is not an adequate reason for delay to file a Rule 60(b) motion. Second, they briefly state that they could not afford an attorney due to the pandemic.[64] Defendants cite to no authority to show how this validates their delay. Through current counsel, Baxter filed for Chapter 13 bankruptcy on May 31, 2022.[65] Through the same counsel, Baxter filed his response to LRM's adversary complaint in the bankruptcy case on August 10, 2022. The Motion to Set Aside was not filed until November 22, 2022. Baxter gives no reason why the attorney who represented him six months before filing the Motion to Set Aside could not file the motion sooner.

**Prejudice**: Defendants also argue that there would be no prejudice to LRM if the default judgments were set aside.[66] LRM argues that prejudice stemming from Defendants' bankruptcy proceedings will occur if the judgments are set aside.[67] LRM argues they will lose their secured

---

[61] *Cummings*, 365 F.3d at 955.

[62] *Id.*

[63] Motion to Set Aside at 5.

[64] *Id.*

[65] Case No. 22-22029, Chapter 13 Voluntary Petition, docket no. 1, filed May 31, 2022.

[66] Reply to Plaintiff's Memorandum Opposing Motion to Set Aside at 5-6, docket no. 42, filed Dec. 16, 2022.

[67] Plaintiff's Memorandum Opposing Motion to Set Aside at 10.

creditor status in Defendants' bankruptcy and will be less likely to recover the amounts adjudged to be due them.[68] LRM will suffer significant prejudice if Defendants' motion is granted.

Defendants did not justify their delay beyond stating that they were acting *pro se* for part of the time before the motion was filed. Defendants knew of all the facts necessary for their defense to LRM's claims. Defendants' motion to set aside the 2021 Judgment is untimely.

## CONCLUSION

Because Defendants' motion to set aside is untimely as to both the 2020 and 2021 Judgments, an analysis of the merits of the motion is unnecessary.

## ORDER

IT IS HEREBY ORDERED that Defendants Baxter Trucking, LLC, and Paul Baxter's motion to set aside[69] is DENIED.

Signed May 19, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[68] *Id.*

[69] Motion to Set Aside, docket no. 38, filed Nov. 22, 2022.